IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julien Garcon, ) | |
| ) | No. 6:13-cv-2450-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Cruz, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Respondent's motion for summary judgment be granted in part and denied in part. (Dkt. No. 18). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a United States Magistrate Judge for pretrial proceedings. On November 6, 2013, Respondent filed a motion for summary judgment. (Dkt. No. 13). Petitioner then filed a response in opposition to the motion. (Dkt. No. 16). The Magistrate Judge then issued the present R&R recommending Respondent's motion be granted in part and denied in part. (Dkt. No. 18). Respondent then filed objections to the R&R. (Dkt. No. 20). Petitioner did not file objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

1

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Respondent's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court.

Briefly stated, the facts giving rise to this case are as follows: On April 4, 2012, Disciplinary Hearing Officer ("DHO") Ree Doe conducted a disciplinary hearing regarding charges against Petitioner for 1) refusing to submit to a urine test and 2) insolence towards staff. Prior to this hearing, Petitioner was advised of his right to have a staff representative at the hearing and to present witnesses. Petitioner waived his right to a staff representative and elected to have one witness, Sean Gabbison, testify. Following the hearing, the DHO found Petitioner committed both acts as charged. Petitioner appealed this decision and it was remanded back to the DHO for rehearing. The rehearing occurred on September 20, 2012.

The parties disagree on what took place at the rehearing. DHO Doe attests that he again advised Petitioner of his right to have a staff representative and to present witnesses at the rehearing. However, Doe declares that Petitioner again waived his right to a staff representative and also declined to present witnesses (however, Gabbison's earlier testimony was considered). On the other hand, Petitioner asserts he was never advised of his rights to have a staff representative and to present witnesses. Petitioner claims that if he were so advised, he would

2

have called inmate Nicolas Thomas as a witness. Further, Petitioner has supplied an affidavit of Thomas. (Dkt. No. 16-1).

On this record, the Magistrate Judge found that a genuine issue of fact remained as to whether Petitioner's due process rights were violated when he was not informed of his rights to a staff representative and to present witnesses. (Dkt. No. 18 at 8). Respondent objects by arguing that the record is clear that DHO Doe advised Petitioner of his rights. (Dkt. No. 20).

After review of the record, the Court agrees with the decision of the Magistrate Judge that there is a genuine issue of fact whether DHO Doe advised Petitioner of his rights before the September 2012 rehearing. Aside from the competing affidavits of Doe and Petitioner (Dkt. Nos. 13-4, 16-1), there is little evidence which would decide this issue of fact in favor of Respondent. For example, prior to the initial hearing in April 2012, Petitioner signed a form dated March 27, 2012, which advised him of his rights to a representative and to present witnesses. (Dkt. No. 13-6). However, there is no similar form predating the September 20, 2012 rehearing. Nevertheless, Respondent argues that Petitioner cannot be believed because Thomas's affidavit predates Petitioner's initial hearing and Petitioner did not call Thomas as a witness. While the Court agrees this raises questions, it does not plainly indicate that Petitioner was advised of his rights before the September 2012 rehearing. Finally, Respondent argues harmless error because the Thomas affidavit can be interpreted as consistent with Petitioner's guilt on the charges. *See Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (holding that even if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief). However, the Court must interpret the evidence in the light most favorable to Petitioner, and the affidavit certainly can also be viewed to rebut the facts necessary to hold Petitioner liable because Thomas claims

3

responsibility for the conduct giving rise to the charges. Therefore, the exclusion of Thomas as a witness cannot be viewed as harmless.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 18). Accordingly, Respondent's motion for summary judgment is granted in part and denied in part. (Dkt. No. 13).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 17, 2014
Charleston, South Carolina

4