IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julien Garcon, ) | C.A. No. 6:13-cv-2450-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Cruz, FCI Williamsburg ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Dkt. No. 39), recommending that this court grant Respondent's motion for summary Judgment (Dkt. No. 33). For the reasons herein, the Court ADOPTS the R & R and GRANTS Respondent's motion for summary judgment.

## I. Background

### A. Factual History

Petitioner has been incarcerated at the Federal Correctional Institution ("FCI") Williamsburg located in Salters, South Carolina, since August 27, 2008. While at FCI Williamsburg he was released on a federal writ to the Miami Federal Detention Center ("FDC Miami") from September 6, 2011, to April 30, 2012, and subsequently returned to FCI Williamsburg. The disciplinary action underlying this petition occurred at FDC Miami.

On March 21, 2012, at approximately 4:45 p.m., an FDC Miami Special Investigative Services ("SIS") technician arrived at G-East Housing Unit to pick up the Petitioner for a urine test in accordance with the Random Inmate Selection Report for March. After a verbal dispute with the technician regarding the frequency with which he was being tested, Petitioner was

returned to his cell without being tested.

Later that same day, the technician prepared an incident report charging the Petitioner with Refusing to Provide Urine Sample and Insolence Toward a Staff Member in violation of Codes 110 and 312, respectively (Dkt. No. 32-1).

### B. Procedural History

Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging several due process violations arising from the disciplinary hearing on his Refusing to Provide a Urine Sample and Insolence Toward a Staff Member charges. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) DSC, the matter was automatically referred to a United Sates Magistrate Judge for pretrial proceedings. On November 6, 2013, Respondent filed a motion for summary judgment asking that all of Petitioner's claims be dismissed. (Dkt. No. 13). Petitioner filed a response in opposition to the motion. (Dkt. No. 16). The Magistrate Judge then issued an R & R recommending Respondent's motion to be granted as to Petitioner's claim of due process violations stemming from his rehearing on September 20, 2012, and denied as to Petitioner's claim that the Insolence charge should be dismissed, that he was placed in confinement twice for the same charge, and that he was retaliated against for exercising his right to appeal by being placed twice in the SHU for the same incident. (Dkt. No. 18). Respondent then filed objections to the R&R. (Dkt. No. 20). Petitioner did not file objections to the R & R. The Court then entered an order adopting the R & R, finding that there was a genuine issue of fact on the question of whether Petitioner's due process rights were violated when he was not informed of his rights to a staff representative and to present witnesses at the rehearing. (Dkt. No. 23).

2

On May 8, 2014, Petitioner filed a motion for summary judgment (Dkt. No. 31) and Respondent filed a response. (Dkt. No. 32). On May 29, 2014, the Court entered an order denying Petitioner's motion for summary judgment as it determined (1) there was a genuine dispute as to whether Petitioner was informed of his rights to a staff representative and to present witnesses and (2) the Petitioner does not have a due process right to present video evidence to a DHO officer. (Dkt. No. 34).

On May 19, 2014, the Discipline Hearing Officer who was at the time handling Petitioner's case for FCI Williamsburg, after being advised by counsel of this Court's Order, held a rehearing "in order to cure any due process issues." (Dkt. No. 33 at 2; 32-1 at 4-7). Prior to that hearing, Petitioner was informed of his right to have a staff representative and to call witnesses, and he exercised his right to call witnesses at the hearing and requested, unsuccessfully, access to surveillance video footage of the incident. (*Id.*).

On May 27, 2014, Respondent filed a second motion for summary judgment, alleging that earlier due process issues from the first rehearing were alleviated by the second hearing and that there existed "some evidence" to support the DHO's finding that the Petitioner had violated Code 312, Insolence Toward a Staff Member. (Dkt. No. 33). On June 30, 2014, Petitioner filed a response in opposition to the motion. (Dkt. No. 37). The Magistrate Judge then issued an R & R recommending Respondent's motion for summary judgment (Dkt. No. 33) be granted. Neither party filed objections to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de

3

novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note).

### III. Discussion

#### A. Due Process in the Prison Discipline Proceedings

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R & R as the order of the Court.

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corporation. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific material facts exist that give rise to a genuine issue. *Id.* at 324. Accordingly, the existence of a mere scintilla of evidence in support of the Petitioner's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. Amend. XIV § 1. In the context of a prison disciplinary hearing, these due process protections include advance written notice of the charges, a hearing before an impartial decision maker, the

4

opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 455-56 (1974).

Petitioner claims that his due process rights were violated at the initial hearing and continued at the first rehearing. (Dkt. No. 37). Petitioner claims he was denied the ability to call certain witnesses and provide testimony as to the events of the incident as well as being denied video and audio recordings of the incident from the prison. *Id.* Petitioner states "the due process violation cannot be cured" and the only remedy is "to restore his 13 days loss of good time." *Id.*

On this record, the Magistrate Judge found no deprivation of Petitioner's due process rights as to the disciplinary proceedings or to the sufficiency of evidence in the disciplinary proceedings. (Dkt. No. 39). Petitioner objects arguing that DHO failed to consider all witness testimony presented by the Petitioner and failed to provide video evidence of the incident at the request of the Petitioner. (Dkt. No. 37). According to Petitioner, these irregularities constitute a violation of his Due Process rights.

The Court finds that the Petitioner's prison disciplinary rehearing satisfied the requirements of due process. (Dkt. No. 39). The Court agrees with the Respondent that, based on the second rehearing DHO report dated May 19, 2014, the record reflects that the earlier due process issues from the first rehearing were alleviated since the requirements of *Wolff* were observed at the second rehearing. (Dkt. No. 33). Petitioner's argument that the subsequent rehearing on May 19, 2014, deprived him of his due process rights is without merit. On April 28, 2014, the Petitioner was given written notice of a rehearing before the DHO, and he was

5

advised of his rights at the DHO rehearing. (Dkt. No. 32-2, notice of hearing before DHO; Dkt. No. 32-3, inmate rights at discipline hearing; Dkt. No. 32-4, DHO report § I). At the rehearing, Petitioner and his staff representative affirmed they were ready to proceed. (Dkt. No. 32-4, DHO report § V). While the Petitioner claims the DHO did not consider the statements of Inmates Garrison and Thomas, the DHO specifically reviewed the witnesses' initial reports and subsequent testimony and found the statements "less than truthful." (Dkt. No. 37-4, DHO report § V). The Court, therefore, finds that the rehearing satisfied the requirements of due process.

### B. Sufficiency of Evidence in Prison Discipline Proceedings

The Court also finds that there was sufficient evidence to support a finding for a disciplinary infraction. (Dkt. No. 39 at 11). To support a prison disciplinary decision, there must be a finding of "some evidence in the record" so as to satisfy "the minimum requirements of procedural due process." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The Court agrees that the DHO appropriately found that the Petitioner violated Code 312, Insolence Toward a Staff Member, based upon written statements of the reporting officer (Dkt. No. 32-4, DHO report § V) and from an review of the witness statements Petitioner submitted (*Id.*).

### C. Due Process in the Failure to Provide Video and Audio Evidence

The Petitioner raises the argument that his due process rights were violated by the DHO's failure to advise Petitioner to have the video evidence preserved at the initial investigation and his resulting inability to introduce video and audio evidence. (Dkt. No. 37). In a prison disciplinary proceeding, a prisoner is entitled to certain rights, such as written notice of the charges against him, a hearing, and the right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). "The duty to preserve evidence arises when the

6

evidence 'possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *U.S. v. Hawkins*, 531 Fed. Appx. 342, 344 (4th Cir. 2013) (citing *California v. Trombetta*, 467 U.S. 479, 488–89 (1984). "'[D]ue process' itself is a flexible concept, which, in the context of a prison, must take account of the legitimate needs of prison administration when deciding what procedural elements basic considerations of fairness require." *Sandin v. Conner*, 515 U.S. 472, 503 (1995); *see, e.g., Chadwick v. Shearin*, No. RWT-09-2562, 2010 WL 1817832 (4th Cir. May 5, 2010) (holding that failure to provide video evidence did not violate prisoner's due process rights as he was still afforded written notice, a hearing, and a chance to call witnesses as well as the fact that prison officials stated as a policy videos were not available to staff or inmates due to a lack of resources). Furthermore, a due process violation exists when evidence has been destroyed only where the "'defendant can show bad faith on the part of the [official] [that] failure to preserve potentially useful evidence' amounts to the denial of process." *Hawkins*, 531 Fed. Appx. at 344. The Petitioner has presented no evidence of malicious or bad faith intentions by any prison official.

The Respondent states that as Petitioner failed to request to review the video footage of the incident in question until April 28, 2014, more than two years after the incident, the video footage no longer existed, and no request at the time was made to view the video. (Dkt. No. 32-4, DHO report § V). The DHO further explained that the video evidence was not necessary as there was a staff member who witnessed the incident and the Petitioner presented witnesses of his own as to the statements that were made. *Id.* Furthermore, "the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a

7

due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met." *Edmonds v. Ziegler*, 2014 WL 321050, at *3 (S.D.W.Va. 2014).

The Court finds that there was no due process violation in regards to failure to preserve video evidence. Petitioner was able to obtain comparable evidence through the use of testimony and he presented no evidence of fraudulent intent by prison officials. Petitioner failed to presented evidence suggesting that at the time of the original incident on March 21, 2012, he requested to view the video of the incident. Therefore, as a result the video evidence was not preserved. Furthermore, in regards to the May 19, 2014, rehearing, Respondent complied with the Constitution's due process requirements, as articulated by the Supreme Court in *Wolff*. The Court finds, even in the absence of video evidence, based upon the testimony of the officer and the Respondent's witnesses, the DHO was able to make a fair determination.

## IV. Conclusion

For the reasons set forth above, the Court agrees with and adopts the R & R. (Dkt. No. 39). Accordingly, Respondent's motion for summary judgment is **GRANTED** (Dkt. No. 33).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 10, 2014
Charleston, South Carolina